UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

v.

CHARLIE LEE FOREMAN,
 *Defendant-Appellant.*

No. 02-4694

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-02-4-1)

Submitted: April 30, 2003

Decided: May 30, 2003

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant. Frank D. Whitney, United States Attorney,
Anne M. Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Charlie Lee Foreman appeals his convictions after a jury trial of one narcotics conspiracy offense involving more than 100 grams of heroin, and ten substantive heroin distribution offenses in violation of 21 U.S.C. §§ 841(a)(1), and 846 (2000). Foreman was sentenced to a 480 month sentence on Count One, and a 240 month sentence on Counts Two through Eleven, to run concurrently. On appeal, Foreman's counsel has filed a formal brief raising three issues: (1) the district court erred by denying Foreman's motion to substitute counsel and continue his trial; (2) the district court erred in calculating the drug amounts attributable to Foreman at sentencing; and (3) the district court erred in increasing Foreman's guideline range by three levels for being a manager or supervisor. Foreman has also filed a pro se supplemental brief raising two additional issues: (1) the district court erred in calculating his criminal history points under the U.S. Sentencing Guidelines; and (2) the indictment was multiplicitous and subjected him to double jeopardy. Finding no reversible error, we affirm.

Foreman's first argument on appeal is that the district court abused its discretion in denying his request for substitution of counsel and requiring him to proceed pro se at trial. This court reviews a district court's denial of a motion for substitution of counsel for an abuse of discretion. *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994). A determination as to whether a defendant has waived his right to counsel, however, is a question of law and is reviewed de novo. *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). An indigent defendant has no right to a particular attorney, and can demand another attorney only for good cause. *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988). Further, a defendant does not have an absolute right to substitution of counsel. *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). In evaluating whether the

trial court abused its discretion in denying Foreman's motion for substitution of counsel, this court must consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into Foreman's complaint; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Gallop*, 838 F.2d at 108.

After a thorough review of the record, we conclude the district court did not abuse its discretion in denying Foreman's motion to substitute counsel. We further find that the district court did not err by requiring Foreman to proceed pro se, because Foreman's waiver of his right to counsel was knowing and voluntary. *United States v. Singleton*, 107 F.3d 1091, 1095 (4th Cir. 1997) (holding a waiver of the Sixth Amendment right to counsel must be voluntary, knowing, and intelligent).

Foreman's second issue on appeal is whether the district court erred in calculating the drug amounts attributable to him at sentencing. The district court's determination of the drug quantity attributable to the defendant is a factual question reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). At sentencing, the government has the burden of proving the amount of drugs attributable to a defendant by a preponderance of the evidence. *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000).

In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). Even hearsay alone can provide sufficiently reliable evidence of drug quantity. *Id.* at 1019. The sentencing guidelines do not demand precision; they recognize that the court often must approximate the amount of drugs, erring on the side of caution. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). After reviewing the record, we find that the trial court did not err in its calculations.

Next, Foreman contends the district court erred in imposing a three-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.1(b) for his role as a manager or supervisor. A district court's determination of the defendant's role in the offense is a factual

finding that is reviewed for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). Under USSG § 3B1.1(b), a three-level enhancement is applied if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. In considering a defendant's role in the offense, courts may consider the degree of control and authority exercised over others. USSG § 3B1.1, comment. (n.4). "[T]he enhancement is justified if the defendant managed or supervised the activities of at least one other person in a scheme that involved five or more participants." *United States v. Bartley*, 230 F.3d 667, 673 (4th Cir. 2000). Based on the evidence presented at trial and at sentencing, the district court found that Foreman's operation was at least extensive, and that the Government set out grounds to account for Foreman's management of at least five individuals. Based on the foregoing, we conclude that the district court's determination to apply a three-level increase pursuant to §§ 3B1.1(b) was supported by the record, and thus, not clearly erroneous.

Foreman's next claim is that the district court miscalculated his criminal history points and improperly categorized him as a career offender by including offenses that were too old to be properly considered. Because Foreman raises this issue for the first time on appeal, this court's review is for plain error. *United States v. Olano*, 509 U.S. 725, 732 (1993). Our review of Foreman's prior criminal convictions supports the district court's finding that Foreman qualifies as a career offender under the guidelines. We further find that the district court properly calculated Foreman's criminal history category points.

Foreman's final argument is that the indictment was multiplicitous and subjected him to double jeopardy. Specifically, Foreman asserts the indictment charged him with eleven conspiracy counts, although his agreement to distribute heroin with the aid of Ronald Sharpe was one continuous conspiracy. Because Foreman raises this issue for the first time on appeal, this court's review of this issue is also for plain error. *Id.* Here, Foreman's argument is clearly belied by the record. A review of the indictment confirms that Foreman was charged with a single drug trafficking conspiracy offense, and ten related substantive drug trafficking offenses. We have previously recognized that the Supreme Court has determined that conspiracies and the substantive offenses committed in the course of those conspiracies are separate

offenses and may be charged separately. *United States v. Love*, 767 F.2d 1052, 1062 (4th Cir. 1985) (citations omitted). Therefore, we reject Foreman's contention that the indictment was multiplicitous.

Accordingly, we affirm Foreman's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*